IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYAN KING,

    Plaintiff,

vs.                                Case No. 1:21-cv-00871

HERZOG RAILROAD SERVICES, INC. and
MILL CITY ENVIRONMENTAL CORPORATION

    Defendants.

**COMPLAINT**
**(Jury Demand)**

COMES NOW Bryan King, Plaintiff above-named, by and through his attorney of record, David B. Joeckel, Jr., The Joeckel Law Office, and for his cause of action against the Defendants Herzog Railroad Services, Inc. ("Herzog") and Mill City Environmental Corporation ("Mill City"), complains, alleges and states as follows:

**I.**

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this case involves a federal question. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because Defendants maintain a place of business in Albuquerque, New Mexico which is in this judicial district and a substantial part as the events giving rise to this action took place in this judicial district.

## II.

## PARTIES

*Plaintiff*

2.    Plaintiff, Bryan King, is an individual residing in Albuquerque, Bernalillo County, New Mexico, and was an employee of Defendants.

*Defendant*

3.    Defendant Herzog is a corporation duly authorized to do business in the State of New Mexico. It can be served with process through its registered agent, CT Corporation System, 206 S Coronado Ave, Espanola, New Mexico 87532.

4.    Defendant Mill City is a corporation duly authorized to do business in the State of New Mexico. It can be served with process through its registered agent, Registered Agents, Inc., 530-B Harkle Road, Ste 100, Santa Fe, New Mexico 87505.

## III.

## FACTS

5.    Defendants employed Plaintiff as a Qualified Maintenance Person. In July 2019, Plaintiff tore his ACL and meniscus. In September 2019, he underwent his first surgery. Plaintiff was released for light-duty and returned to work on February 17, 2020. Plaintiff shared his position with another person. Due to his debilitating injuries, Plaintiff was unable to crawl or climb a ladder. Mill City regarded and treated him as disabled.

6.    Plaintiff's wife, Jamie King ("Mrs. King"), filed a complaint for sexual discrimination and harassment because Defendants were treating Jamie King poorly and discriminating against her based on her sex. Plaintiff supported his wife's claim and also reported the discrimination against his wife to the Defendants. Defendants terminated Plaintiff in January 2021.

7. Mrs. King mediated her claim against Mill City with the EEOC in December 2020. After an unsuccessful mediation, Mill City proceeded to cancel Plaintiff's benefits and laid him off indefinitely. It is believed no other employee had ever had their benefits canceled in such a manner. Moreover, several individuals at Mill City, at the exclusion of Plaintiff, were called to return to the job site despite being laid off indefinitely. Mill City also proceeded to hire additional, less qualified, Qualified Maintenance Persons. Plaintiff was able to perform his job with reasonable accommodation despite his disability prior to being terminated.

8. Mill City and Herzog terminated Plaintiff due to his disability. Mill City and Herzog regarded Plaintiff as disabled and did not want to provide reasonable accommodations despite his qualifications. Moreover, Mill City and Herzog retaliated against Plaintiff for participating in an EEOC complaint arising from his wife's sexual discrimination claim.

**IV.**

**CAUSES OF ACTION**

**A.     Retaliation Under Title VII and the Americans with Disability Act ("ADA")**

9. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

10. Plaintiff has been retaliated against by Defendants for requesting accommodations for his disability and reporting discriminatory actions against his wife. Therefore, Defendant has violated the Title VII and the ADA.

11. Defendants' violation of Title VII and the ADA has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendants.

**B.     Discrimination under ADA**

12. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

13. Plaintiff was subjected to discriminatory actions by Defendants because of his disabilities. He was also not accommodated for his disabilities.

14. Additionally, Plaintiff was terminated because of his disabilities.

15. Defendants violated the ADA.

16. Defendants' violation of the ADA has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendant.

## V.

## DAMAGES

17. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

18. As a result of Defendants' employee's actions, Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, including but not limited to, front pay, back pay, past and future mental anguish, past and future loss of enjoyment of life, punitive damages, and reasonable attorney's fees.

19. Attached as Exhibit A and Exhibit B is a true and correct copy of the Right to Sue for Herzog and Mill City, respectively, which Plaintiff received after exhausting his administrative remedies by first filing a charge with the EEOC.

## VI.

## REQUEST FOR JURY DEMAND

20. Plaintiff hereby demands a jury trial.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(1) That the Court award the Plaintiff judgment against Defendants for damages;

    (2) That the Court award all other sums as shall be determined to fully and fairly compensate the Plaintiff for all general, special, incidental and consequential damages incurred or to be incurred by Plaintiff as the direct and proximate result of the acts and omissions of the Defendants, including punitive damages;

    (3) That the Court award Plaintiff his costs, disbursements, and reasonable attorney's fees incurred;

    (4) That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

    (5) That the Court award such other and further relief as it deems necessary and reasonable.

  DATED this 3rd day of September, 2021.


            Respectfully submitted,

            THE JOECKEL LAW OFFICE


            */s/ David B. Joeckel, Jr.*
            David B. Joeckel, Jr.
            NM Bar No. 149695
            CAID No. 16/369
            500 Marquette Avenue, Suite 1200
            Albuquerque, New Mexico 87102
            (505) 503-4800

            219 South Main Street, Suite 301
            Fort Worth, Texas 76104
            (817) 924-8600
            (817) 924-8603 – Fax
            dbj@joeckellaw.com

            ATTORNEY FOR PLAINTIFF